UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND DAUJAN CLARK, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:07-cv-724 |
| | ) | |
| v. | ) | Honorable Robert J. Jonker |
| | ) | |
| DOUG VASBINDER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner, through retained counsel, pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to raise a meritorious federal claim.

**Proposed Findings of Fact**

Petitioner is incarcerated in the Kinross Correctional Facility. Following a jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of first-degree, premeditated murder, MICH. COMP. LAWS § 750.316, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On July 27, 2004, the trial court sentenced Petitioner to a mandatory term of life imprisonment without the possibility of parole on the murder conviction and a two-year term for the felony-firearm conviction.

Petitioner raised the following claim on direct appeal in the Michigan Court of Appeals:

> RAYMOND CLARK WAS DENIED A FAIR TRIAL WHEN DETECTIVE PORN TESTIFIED THAT CLARK'S VERSION OF EVENTS WAS "NOT GOING TO WORK," THEREBY COMMUNICATING TO THE JURY HIS OWN OPINION THAT CLARK WAS LYING. COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING. IN THE ALTERNATIVE, THE ERROR WAS PLAIN.

(*See* Michigan Court of Appeals Br., Exhibit F, Docket #1.) Petitioner's claim arose from the testimony of Detective Charles Porn, who interviewed Petitioner regarding the murder of Aarin Fultz. While testifying on direct examination for the prosecution, Detective Porn provided details of the pre-arrest statements that he obtained from Petitioner. At the conclusion of his direct testimony, Detective Porn described how he ultimately confronted Petitioner about his involvement in Fultz's murder. According to Petitioner's counsel, Detective Porn testified as follows:

> I walked in and I said, "Raymond, got a couple folders here of the investigation we've been doing. The investigation clearly shows that you were involved in Aarin Fultz's homicide."
>
> I stood there for a moment, waited for reaction. Waited for a moment. He didn't say anything. I then went again and said, "Raymond, the investigation clearly shows you were involved in Aarin Fultz's homicide."

> Again, he wouldn't say anything. And about four or five minutes later he said, "I lied about everything."
>
> I said, "What do you mean you lied?"
>
> "I lied about everything."
>
> I said, "You lied about everything? You first had an alibi statement at the beginning. You changed your story to no, I wasn't at my sister's but I was over at 1106 Hotop and myself and Larry went up there. And then he confessed to you that he shot somebody. Then on the third statement and third interview you add a Tyler in, very descriptive on what's going on at the location, what was said to the people at the scene, the run away, to do this, the type of clothing they were wearing, and now all of a sudden when you're confronted with the charges, 'I lied'? I said, 'That's not going to work.'"

On direct appeal, Petitioner claimed that Porn's statement, "That's not going to work," denied him a fair trial because it expressed his opinion regarding Petitioner's credibility. He further claimed that his trial counsel was ineffective for failing to object to the Detective's comment. In an unpublished memorandum opinion issued on December 6, 2005, the Michigan Court of Appeals rejected Petitioner's claims, stating:

> Defendant asserts that he was denied a fair trial and received ineffective assistance of counsel when his trial counsel failed to object to Detective Charles Porn's testimony that he told defendant, "That's not going to work," after defendant recanted his several varying statements to police regarding the shooting by stating, "I lied about everything." Defendant argues that Porn's statement was an inadmissible comment on defendant's credibility and guilt pursuant to *People v Buckey,* 424 Mich 1, 17; 378 NW2d 432 (1985).[1] We disagree.
>
> Defendant has misconstrued the detective's testimony. In the process of relating what happened during the course of several interviews with defendant, Porn testified as to defendant's varying statements to police that began with a denial of any participation or knowledge of Fultz' murder, moved to an admission of being in the area with another he identified as the shooter, moved further still to include another participant, and ended with defendant's statement, "I lied about everything," once Porn told defendant that police knew he was involved. Porn testified that his response to defendant's statement was, "That's not going to work."

> Porn's statement was not an impermissible comment at trial concerning defendant's guilt, but part of his overall testimony regarding what had happened during defendant's interviews with police and his response to defendant's multiple stories and sudden recantation. Porn was not, as defendant argues, telling the jurors that they should reject defendant's change of story, rather, he was testifying as to what he told defendant during his interview with him. This was not an impermissible comment regarding defendant's guilt. An attorney is not ineffective for failing to object to admissible evidence. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).
>
> There was considerable evidence of defendant's guilt and even if the single sentence complained of was improper, defendant cannot show a reasonable probability that the outcome of his trial would have been different without this brief reference. *People v Toma*, 462 Mich 281, 302-303; 613 NW2d 694 (2000).
>
> FN 1. There is no claim in this case that there was prosecutorial misconduct which was, in part, an issue in *Buckey*.

(*See People v. Clark*, No. 257106, at 1-2 (Mich. Ct. App. Dec. 6, 2005), Exhibit D, Docket #1.) Petitioner raised the same claim in an application for leave to appeal in the Michigan Supreme Court. (*See* Michigan Supreme Court Br., Exhibit G, Docket #1.) On April 28, 2006, the Michigan Supreme Court denied Petitioner's application because it was not persuaded that the question presented warranted review by the court. *See People v. Clark*, 712 N.W.2d 491 (Mich. 2006).

Petitioner now raises two grounds for relief in his amended habeas petition (docket #3). First, he claims that due process rights were violated when Detective Porn provided editorial comment while testifying at trial about Petitioner's out-of-court statements. Second, Petitioner claims that his trial counsel was ineffective for failing to object to the improper comment.

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect

to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. This Court also may not consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). Thus, the inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal

principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

## Discussion

### I. Due Process

In his supporting brief (docket #4), Petitioner claims that due process rights were violated when Detective Porn made the comment "That's not going to work," in response to Petitioner's statement that he had lied in his previous interviews with police. Petitioner argues that it is patently improper for a prosecutor to comment on the credibility of a witness, express a personal belief that a particular witness is lying or to elicit testimony from a witness regarding the defendant's

credibility. Without expressly raising a claim of prosecutorial misconduct, Petitioner argues for the first time that the prosecutor improperly elicited from Detective Porn the statement "That's not going to work." Petitioner further argues that Detective Porn's statement was purely gratuitous and had the effect of conveying to the jury his personal view about the veracity of Petitioner's pre-charge exculpatory explanation.

### A. Exhaustion of State Court Remedies

Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004); *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether: (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law. *See Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

In the Michigan appellate courts, Petitioner asserted only that he was "denied a fair trial" by Detective Porn's statement. "To fairly present his constitutional argument to the state courts

required more than the use of a generalized catch-all phrase which merely alleged the deprivation of a fair trial under the United States Constitution. Such a catch-all provision does not adequately apprise the state courts of the constitutional theory to be relied upon at appellate review, especially under circumstances where the only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987). Petitioner did not allege a due process violation and, as noted by the Michigan Court of Appeals, he did not assert a claim of prosecutorial misconduct. The only federal case cited by Petitioner in his state appellate briefs was *Strickland v. Washington*, 466 U.S. 668 (1984), which relates to ineffective assistance of counsel, not prosecutorial misconduct. In his state appellate briefs, Petitioner cited *People v. Buckey*, 378 N.W.2d 432 (Mich. 1985), which relies upon federal constitutional analysis on the issue of prosecutorial misconduct; however, the Michigan Court of Appeals specifically declined to address the issue of prosecutorial misconduct because it was not properly raised by Petitioner in the statement of questions presented. Finally, it was not obvious to the state appellate courts that Petitioner intended to raise a federal claim, because the facts alleged by Petitioner in the state courts were not within the mainstream of the pertinent constitutional law.

        Petitioner, therefore, failed to "fairly present" any federal claim relating to Detective Porn's comment. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Petitioner, therefore, may raise his unexhausted claim in

the state courts. However, the district court may deny application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust his state court remedies. 28 U.S.C. § 2254(b)(2).

### B. Merits

In the state courts, Petitioner presented his claim as one of evidentiary error. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

As discussed by the Michigan Court of Appeals, Porn's comment, "That's not going to work," was simply part of Porn's overall testimony describing his Petitioner's interviews with police and Porn's reaction to Petitioner's changing story and sudden recantation. Moreover, the statement was not inflammatory and did not directly express an opinion regarding Petitioner's credibility. Consequently, Petitioner cannot show that he was denied a fundamentally fair trial as the result of Porn's comment.

Petitioner argues for the first time in his habeas petition that the prosecutor engaged in misconduct by eliciting Detective Porn's opinion about Petitioner's credibility. Misconduct by a prosecutor can rise to the level of a due process violation. *Lundy v. Campbell*, 888 F.2d 467, 474 (6th Cir. 1989). For relief to be granted, the prosecutorial misconduct must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Petitioner's argument is unpersuasive, because the complained of comment was not made by Porn in response to a specific question posed by the prosecutor; rather, it came at the end of a fairly lengthy description of his conversation with Petitioner. There is simply no basis upon which to attribute Porn's comment to the prosecutor. Therefore, Petitioner's claim of prosecutorial misconduct clearly is without merit.

      II.      **Ineffective Assistance of Counsel**

Petitioner also claims that his trial counsel was ineffective for failing to object to Detective Porn's comment. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test by which to evaluate claims of ineffective assistance of counsel. To obtain reversal of a conviction, a petitioner must prove both that counsel's performance fell below an objective standard of reasonableness and was not sound legal strategy and that counsel's deficient performance prejudiced petitioner, resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687-88. On the performance prong, the court must indulge in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct." *Id.* at 689. In making this determination, the court must consider the totality of the circumstances and should not focus on particular acts or omissions in isolation. 466 U.S. at 690; *see Mason v.*

*Mitchell*, 320 F.3d 604, 618 (6th Cir. 2003). On the prejudice prong, the court focuses on whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Petitioner must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As the Michigan Court of Appeals directly considered this claim of ineffective assistance of counsel, that court's determination is entitled to deference under AEDPA. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Hence, it is not enough to convince the federal habeas court that, in its independent judgment, the state court decision applied *Strickland* incorrectly. "Rather, he must show that the [ ] Court of Appeals applied *Strickland* to the facts of his case in an objectively unreasonable manner." 535 U.S. at 699. Thus, AEDPA creates a "high burden" for petitioner to satisfy. *Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006), *cert. denied*, 127 S. Ct. 955 (2007).

The Michigan Court of Appeals found that because the comment was not improper, counsel was not ineffective for failing to object to it. This holding is consistent with federal case law, which holds that trial counsel is not ineffective for failing to raise a meritless or futile objection. *See, e.g., United States v. Martin*, 45 F. App'x 378, 381-82 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel."); *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2001). Any objection to Detective Port's comment would have been futile, as the testimony was not objectionable. I cannot find that the decision of the Michigan Court of Appeals was an unreasonable application of *Strickland*.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 for failure to raise a meritorious federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   October 2, 2007                    /s/  Joseph G. Scoville
                                            United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).