UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RAYMOND DUAJAN CLARK,

  Petitioner,          Case No. 1:07-CV-724

v.                 Hon. Robert J. Jonker

LINDA M. METRISH,

  Respondent.

_____/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

  The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 5) filed on October 2, 2007. Petitioner filed his Objection to the Report and Recommendation (docket # 6) on October 12, 2007.

  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3); *See also* 28 U.S.C. § 636(b)(1)(C) (LEXIS through P.L. 110-180). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Scoville; the Report and Recommendation itself; and Petitioner's Objection. After its review, the Court finds Magistrate Judge Scoville's Report and Recommendation to be both factually sound and legally correct. The Report and Recommendation recommends that Petitioner's habeas corpus petition be summarily dismissed for failure to raise a meritorious federal claim. Petitioner makes three arguments in response. First, he argues that his claim is properly exhausted. Second, he argues that the prosecutor violated his due process rights by eliciting the opinion of a testifying law enforcement officer regarding the truthfulness of out-of-court statements made by Petitioner. Finally, he argues that his attorney's failure to object to those statements violated his Sixth Amendment rights. Petitioner's arguments are without merit.

First, Petitioner's due process claims were not properly exhausted. The statement in his appeal brief that Detective Porn "invaded the jury's province" by impermissibly opining on Petitioner's credibility did not exhaust the federal constitutional claim he now presents. As explained in the Report and Recommendation, Petitioner did not present his claim to the Michigan Court of Appeals by relying on pertinent federal cases employing constitutional analysis, relying on state cases applying constitutional analysis in like fact

situations, asserting the claim in terms so particular as to call to mind a specific constitutional right, or alleging a pattern of facts well within the mainstream of constitutional litigation. *See Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) (citing *Daye v. Attorney General*, 696 F.2d 186, 193–94 (2d Cir. 1982)). Plaintiff simply asserted that Detective Porn's statement denied him a "fair trial." He did not allege a due process violation, and there is absolutely no indication that he asserted a claim of prosecutorial misconduct. In fact, the Michigan Court of Appeals specifically noted that Petitioner did not raise the issue of prosecutorial misconduct. *People v. Clark*, No. 257106, slip op. at 1 n.1 (Mich. Ct. App. Dec. 6, 2005).[1]

Second, even if Petitioner's due process claim were properly exhausted, his due process rights were not violated. He argues that a prosecutor violates a defendant's due process rights if she elicits an opinion regarding the truthfulness of out-of-court statements made by a defendant. Under some circumstances, this could raise a due process concern. *See United States v. Sanchez*, 176 F.3d 1214, 1221 (9th Cir. 1999). But there is no evidence in this case that the prosecutor elicited Detective Porn's statement that Petitioner's version of events was "not going to work." In *Sanchez*, the prosecutor asked the witness for his "opinion regarding how truthful" the defendant was being when he made the comments at issue. *Id.* at 1220. That is not what happened here. Instead, at the end of recounting a relatively lengthy description of an exchange between Petitioner and Detective

---

[1] docket # 1-5.

Porn the detective stated his view that Petitioner's version of events was "not going to work." That statement does not necessarily imply an opinion regarding truthfulness. Moreover, there is no indication that the prosecutor elicited that comment.

Lastly, Petitioner's Sixth Amendment rights were not violated. To establish a violation of the Sixth Amendment, Petitioner must show that but for his counsel's failure to object there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Petitioner argues that his counsel's failure to object to Detective Porn's statement that Petitioner's version of events was "not going to work" violated his Sixth Amendment rights. But that statement was admissible, and therefore it was not error to fail to object to it. Detective Porn's statement was not an opinion regarding Petitioner's truthfulness; it was merely part of "his overall testimony regarding what happened during [Petitioner]'s interviews with police and his response to [Petitioner]'s multiple stories and sudden recantation." *Clark*, slip op. at 2. Thus an objection would have been frivolous: even if Petitioner's counsel had objected, the statement would have been admitted and the result of the proceeding would not have been any different.

### *Certificate of Appealability*

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A) (Lexis through P.L. 110-180); FED. R. APP. P. 22(b)(1). Thus the Court must either issue a certificate of appealability

indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); In re *Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. But when a district court denies a habeas claim on procedural grounds without addressing the claim's merits, the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). If the district court invokes a plain procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

The Court's dismissal of this action under Rule 4 is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. The Court is invoking the procedural bar provided by Rule 4 to dispose of the case, and as a result Petitioner cannot make the required substantial showing because "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed October 2, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus is summarily dismissed for failure to raise a meritorious federal claim; and

2. A certificate of appealability is denied.


Dated:   May 5, 2008                              /s/ Robert J. Jonker
                                                  ROBERT J. JONKER
                                                  UNITED STATES DISTRICT JUDGE